```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS


KAREN CHERELLI,                )
    Individually and           )
    on Behalf of All           )
    Other Persons              )
    Similarly Situated         )   CIVIL ACTION NO.
                               )   18-10717-DPW
              Plaintiff,       )
                               )
v.                             )
                               )
THE INSTORE GROUP, LLC,        )
                               )
              Defendant.       )
```

<u>MEMORANDUM AND ORDER</u>
January 11, 2021

Plaintiff Karen Cherelli belatedly brought this separate, duplicative lawsuit in state court against Defendant InStore Group, LLC ("InStore") seeking damages for her alleged misclassification under Massachusetts wage and hour laws as an "independent contractor" – rather than as a statutory "employee". Ms. Cherelli seeks to become the sole representative of a class of similarly situated plaintiffs — "vendor associates" — who worked for InStore in Massachusetts.

This action is redundant of one earlier filed directly in this Court where Ms. Cherelli appears to have been an unnamed putative class member and now — because of action that I have taken today in that case — has become one of two named class representatives for a class I have certified. *See Hogan* v.

*InStore Group, LLC*, No. 17-CV-10027-DPW, slip op., _____2021 WL \_\_\_\_\_, (D. Mass. Jan. 8, 2021) ("*Hogan* litigation"). As was earlier alleged in the *Hogan* litigation, Ms. Cherelli here contends that InStore, by treating vendor associates as independent contractors (rather than as statutory employees), has violated provisions of Mass. Gen. Laws ch. 149 and Mass. Gen. Laws ch. 151.

## I. BACKGROUND

Ms. Cherelli filed this action in Massachusetts state court on February 12, 2018, and InStore removed the matter to this Court on April 13, 2018, based on federal diversity jurisdiction. The *Hogan* litigation, a putative class action raising identical claims, was already pending before me. *Hogan* (D. Mass. filed Jan. 6, 2017) (No. 17-CV-10027-DPW) (alleging violations of Massachusetts wage and hour law against InStore on behalf of a putative class of "retail associates").[1]

Counsel for Mr. Hogan – initially the lone named plaintiff and putative class representative in the *Hogan* litigation – had

---

[1] As noted in my Memorandum granting summary judgment to plaintiffs as to liability in the *Hogan* litigation, the term "retail associates" and "vendor associates" are used interchangeably as descriptions of the plaintiff class Ms. Cherelli seeks to speak for as a representative plaintiff. For consistency, I use the term "vendor associates" to describe members of the class. *See Hogan* v. *InStore Group, LLC*, No. 17-CV-10027-DPW, slip op. at 4 n.1, _____2021 WL \_\_\_\_\_, (D. Mass. Jan. 8, 2021).

moved on November 17, 2017 to amend the complaint to add Ms. Cherelli as a named class representative. The motion to amend the complaint in the *Hogan* litigation came five months before the filing of this duplicative action in state court by Ms. Cherelli through the same counsel.

Ms. Cherelli does not explain why she belatedly initiated a state court lawsuit redundant of the action already pending in federal court. But the reason is transparent. She and her counsel have been engaged in a benighted forum shopping initiative. This action is offered up as a hostage to fortune in the hope of pursuing litigation involving the putative class in state rather than federal court.

Today, I granted Mr. Hogan's motion to amend his complaint to add Ms. Cherelli as a named plaintiff in the earlier filed case. As a result, the two duplicative actions before me now also share Ms. Cherelli as a named Plaintiff.

Ms. Cherelli seeks to have me remand this case to state court on the basis that I lack federal subject matter jurisdiction because InStore cannot show there is a sufficient amount in controversy to satisfy diversity jurisdiction requirements. InStore argues that it properly removed Ms. Cherelli's Complaint to federal court based on Ms. Cherelli's foreseeable attorney's fees.

**II. DISCUSSION**

***A.  Diversity Jurisdiction***

InStore removed this case from state court to federal court under basic federal diversity jurisdiction, which requires complete diversity between the parties and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).[2]  The parties dispute only whether the jurisdictional amount in controversy has been met.

Usually, the sum "demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).  However, where the plaintiff's cause of action "permits recovery of damages in excess of the amount demanded," the defendant may calculate a different amount in controversy in its notice of removal.  28 U.S.C. § 1446(c)(2)(A)(ii).

If removal is disputed, the defendant must present evidence

---

[2] A federal court also has original diversity jurisdiction over a case, under the Class Action Fairness Act of 2005 ("CAFA") 28 U.S.C. § 1332(d), 1453, 1711-1715, when the matter is brought as a class action, diversity of citizenship exists between one or more of the class members and the defendant, the proposed class exceeds 100 members, and the total amount in controversy exceeds $5 million.  *Id.* § 1332(d).  By alleging a class size of "more than 40," and an amount in controversy of "more than $25,000 and less than $5,000,000.00", Ms. Cherelli's class action complaint has been pled artfully to avoid triggering on its face CAFA's minimal diversity jurisdiction grant.

to establish the asserted amount in controversy by a "reasonable probability," which is "for all practical purposes identical to the preponderance standard." *Amoche* v. *Guar. Tr. Life Ins. Co.*, 556 F.3d 41, 43, 50 (1st Cir. 2009).  The district court must then determine, "by the preponderance of the evidence, that the amount in controversy exceeds" the statutory amount before the basis for removal is established.  28 U.S.C. § 1446(c)(2)(B).

Ms. Cherelli calculates her wage-related damages as $4,732.22 and says she incurred expenses of $3,629.31that were not reimbursed by InStore. In total, she claims $8,361.53 in such damages, which – after mandatory trebling under Mass. Gen. Laws chs. 149 and 151 – would come to $25,084.59.

InStore argues that I should add Ms. Cherelli's prospective attorney's fees in calculating the amount in controversy.  Ms. Cherelli responds that only attorney's fees actually incurred prior to removal can be considered.

While attorney's fees are "[n]ormally . . . excluded from the amount-in-controversy determination," *Spielman* v. *Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001), a district court may consider potential attorney's fees as part of the amount-in-controversy calculation when "a statute mandates or allows the payment of such fees," *Dep't of Rec. & Sports of P.R.* v. *World Boxing Ass'n*, 942 F.2d 84, 89 (1st Cir. 1991) (quoting *Velez* v. *Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979)).

5

However, a district court may only consider attorney's fees "to the extent *reasonabl[y]*" estimated. *Id.* at 90. The circuits are split on the question of whether trial courts may include *prospective* attorney's fees in their "reasonable" estimates. *Compare Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."), *and Faltermeier v. FCA US LLC*, 899 F.3d 617, 621 (8th Cir. 2018) (same), *with Smith v. Am. Gen. Life & Accident Ins. Co., Inc.*, 337 F.3d 888, 896–97 (7th Cir. 2003) ("[P]ost-filing attorney's fees cannot count toward the amount in controversy requirement because federal jurisdiction exists, it at all, at the time of filing.").

The First Circuit has yet to rule on the question. *See generally Mitchell v. Select Comfort Retail Corp.*, No. 20-CV-10110-DJC, 2020 WL 4049895, at *3 (D. Mass. July 20, 2020) (observing that whether post-removal fees may be considered is an open question in the First Circuit). District judges within the First Circuit have come to differing opinions. *Compare Barbuto v. Advantage Sales & Mktg., LLC*, 148 F. Supp. 3d 145, 148 (D. Mass. 2015) ("Fees that have not yet been incurred cannot be said to be in controversy at the time of removal."), *with Raymond v. Lane Constr. Corp.*, 527 F. Supp. 2d 156, 163 (D.

Me. 2007) ("A rule that treats attorney's fees differently from any other category of damage for purposes of ascertaining the amount of the 'matter in controversy' draws no support from the language of the [removal] statute.").

I need not wander into this jurisdictional thicket because, even if prospective attorney's fees could be considered in a "reasonable" estimate, this case should be dismissed as the later of two actions that duplicate each other.[3]  Larger concerns

---

[3] Even considering attorney's fees, it is questionable that InStore could establish by a reasonable probability that the total amount in controversy exceeds $75,000.  InStore thus must establish at least $49,915.41 in prospective attorney's fees for Ms. Cherelli.  Estimating that nearly two-thirds of the amount in controversy will come from Ms. Cherelli's attorney's fees is quite speculative.  *See Mitchell* v. *Select Comfort Retail Corp.*, No. 20-CV-10110-DJC, 2020 WL 4049895, at *4 (D. Mass. July 20, 2020) (no "reasonable probability" that defendant could show $50,879.56 in prospective attorney's fees); *Waithaka* v. *Amazon.com, Inc.*, No. 17-CV-40141-TSH, 2018 WL 4092074, at *3 (D. Mass. Aug. 28, 2018) (no reasonable probability that "attorneys' fees for the named plaintiff alone would exceed $56,136").

Moreover, "damages sustained by class members cannot be aggregated in order to satisfy the jurisdictional amount." *Ciardi* v. *F. Hoffman-La Roche, Ltd.*, No. 99-cv-11936-GAO, 2000 WL 159320, at *1 (D. Mass. Feb. 7, 2000).  The estimated amount of "[a]ttorneys' fees must be prorated across the entire class." *Arrigo* v. *Scholarship Storage, Inc.*, No. 10-CV-11650-MLW, 2011 WL 3584715, at *5 (D. Mass. Aug. 10, 2011).  InStore does not engage in its submissions with the likelihood that if I were to prorate the fees across the class, it could not establish the jurisdictional amount in controversy here.

InStore's suggestion that it can meet the amount in controversy threshold because *Cherelli* will be "heavily litigated" based on the *Hogan* litigation is counterintuitive speculation.  The work product developed in the *Hogan* litigation — a prior case at an advanced stage with the same counsel —

of proper judicial administration counsel in favor of disposing of this case on these alternative grounds, *see generally* Fed. R. Civ. P. 1 (the Federal Rules "should be construed, administered, and employed by the [district] court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"), without devoting time and resources needlessly to resolve a difficult and fact-intensive jurisdictional issue that has generated differing treatments among trial judges within this Circuit, and more generally among the appellate courts of other circuits as well.

### B.   *Duplicative Dismissal*

A plaintiff has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.  Rather, long standing First Circuit case law establishes that the "pendency of a prior pending action in the same federal court is ground for abatement of the second action."  *Sutcliffe Storage & Warehouse Co.* v. *United States*, 162 F.2d 849, 851 (1st Cir. 1947) (quoting 1 MOORE'S FEDERAL PRACTICE 237).  In such a circumstance, a district court may dismiss the later complaint, stay proceedings in the later action until judgment is entered, or consolidate the actions.  *Id.*

---

should logically lead to fewer billable hours, not more, in *Cherelli*.

8

Federal Rule of Civil Procedure 42(a) provides that a district court "may" consolidate "actions involving a common question of law or fact" pending before it. Fed. R. Civ. P. 42(a). The district court must first, of course, determine "whether the two proceedings involve a common party and common issues of fact or law." *Seguro de Servicio de Salud* v. *McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). If so, the trial court has "broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.*

The purpose of consolidating actions is to promote convenience and efficiency. *See Pino-Betancourt* v. *Hosp. Pavia Santurce*, 928 F. Supp. 2d 393, 395 (D.P.R. 2013). Other considerations include the prospect that consolidation will "promote the aims of all the parties [and] economize time and effort without circumscribing the opportunity for full litigation of all relevant claims"; of particular importance is whether consolidation will cause prejudice to a party. *Id.* (citing *Gonzalez-Quiles* v. *Cooperativa De Ahorro Y Credito De Isabela*, 250 F.R.D. 91, 92 (D.P.R. 2007)).

However, district courts must "carefully insure[]" that when consolidating cases they do not provide a plaintiff the unfair opportunity to "use the tactic of filing two substantially identical complaints to expand the procedural

9

rights he would have otherwise enjoyed." *Walton* v. *Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977) (*en banc*). Given the *Hogan* litigation, a belated attempt at tactical circumvention of the rules regarding the amendment of complaints is at issue.

A district court may address the issues presented by duplicative actions by dismissing a later filed lawsuit that is duplicative of another action pending in federal court. *See Colo. River Water Conservation Dist.* v. *United States*, 424 U.S. 800, 817 (1976) ("[T]he general principle is to avoid duplicative litigation."). This principle is particularly salient where the two actions are pending before the same judge. "There is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket." *Sutcliffe Storage*, 162 F.2d at 851.

Ultimately, the concerns to be balanced are "[w]ise judicial administration, . . . conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. Co.* v. *C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). And it bears emphasizing that, as the First Circuit has also observed, "an action is not automatically rendered moot by the mere existence of a similar pending action," *Connectu LLC* v. *Zuckerberg*, 522 F.3d 82, 89 (1st Cir. 2008), because "complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the

[court] consider the equities of the situation when exercising its discretion," *id.* at 89 n.5 (quoting *Curtis* v. *Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (modification in original)).  In any event, "[a]fter finding that a suit is duplicative and weighing the equities of the case, a court may exercise its discretion to dismiss a later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."  *Amaefuna* v. *Wilkie*, No. 17-12496-IT, 2018 WL 4403313, at *2 (D. Mass. Aug. 14, 2018) (recommending that the later filed action be dismissed).

Before dismissing an action as "duplicative" of another suit, a court should be satisfied that the later action is "materially on all fours with the other."  *Cong. Credit Corp.* v. *AJC Int'l, Inc.*, 42 F.3d 686, 689 (1st Cir. 1994).  Phrased another way, "[a] second lawsuit is impermissibly duplicative where it would be precluded by a final judgment in the first lawsuit."  *Elliott-Lewis* v. *Abbott Labs.*, 378 F. Supp. 3d 67, 70 (D. Mass. 2019).

Here, the *Hogan* litigation and the instant *Cherelli* case concern the same facts, the same allegations, the same putative class, the same sought-after relief, and now, the same named plaintiffs.  The two cases are "materially on all fours with [each] other," *Cong. Credit Corp.*, 42 F.3d at 689, and the

11

resolution of Ms. Cherelli's rights in the *Hogan* litigation would preclude a different resolution of her rights in this later filed case.

While consolidation is also possible and could, with some effort, be fashioned to reduce litigation costs to the parties and expedite discovery, I find that dismissal is more appropriate.  I observe, moreover, that neither of the parties has requested consolidation.

Consolidation does not merge cases, but rather is "only a convenience, accomplishing no more than to obviate the duplication of papers and the like."  *Greenberg* v. *Giannini*, 140 F.2d 550, 552 (2d Cir. 1944).  Since Ms. Cherelli has now been allowed to participate in the *Hogan* litigation as a named plaintiff, and her claims for relief will thus be addressed in their entirety in the *Hogan* litigation, consolidation would itself be an unnecessarily duplicative and costly appendage to the *Hogan* litigation.

### III. CONCLUSION

For the reasons outlined above,

I direct the Clerk to enter an Order dismissing this case as duplicative.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE